UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| JASON KLONOWSKI and DONNIA MONROE, | ) |  |
|---|---|---|
| Plaintiffs, | ) ) ) |  |
| v. | ) ) | Case No. 4:07-cv-42 |
| JACK DANIEL'S DISTILLERY, *et al.*, | ) ) | Judge Mattice |
| Defendants. | ) ) |  |

**MEMORANDUM AND ORDER**

Before the Court is Defendant John Bobo's Motion for Judgment on the Pleadings (Court Doc. 19) and Defendants Jack Daniel's Distillery's and Brown Forman Corporation's Motion to Dismiss (Court Doc. 22). Both motions challenge the timeliness of Plaintiffs' Complaint and will be addressed simultaneously in this regard. For the reasons set forth below, the court will **GRANT** Defendants' motions.

**I.   STANDARD**

   **A.   Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to permit a defendant to test whether, as a matter of law, Plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). To survive a motion to dismiss under 12(b)(6), Plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Assoc. of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing

*Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Court must determine not whether the plaintiff will ultimately prevail but whether Plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In making this determination, the Court must construe the complaint in the light most favorable to Plaintiff and accept as true all well-pleaded factual allegations. *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). The Court need not accept as true mere legal conclusions or unwarranted factual inferences. *Id.*

### B. Motion for Judgment on the Pleadings

The standard of review applicable to a motion for "judgment on the pleadings" pursuant to Federal Rule of Civil Procedure 12(c) is the same as the standard of review applicable under Rule 12(b)(6). *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

## II. FACTS

The relevant facts, as pled by Plaintiffs, are as follows.

Plaintiffs assert causes of action pursuant to 42 U.S.C. § 1983 for violation of their rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. (Court Doc. 1-3, Compl. ¶ 1.) Specifically, Plaintiffs take issue with conduct in meetings with the Lynchburg Historical Commission ("Commission") occurring on December 21, 2004; January 24, 2005; and February 15, 2005. (*Id.* ¶ 14.) Further, Plaintiffs complain that the Commission required them to install siding on the exterior of their log cabin after it was built. (*Id.*) Plaintiffs do not specify when the Commission imposed this requirement.

Plaintiffs claim that the imposition of these requirements led to "tremendous financial loss due to [construction] delays" as well as "serious and permanent personal injury . . . ." (*Id.* ¶ 21.) Plaintiffs claim that, "[a]dditionally, and unknown to the Plaintiff, Jason Klonowski, until he was diagnosed in June of 2007, Jason Klonowski is suffering from Post Traumatic Stress Disorder [("PTSD")]." (*Id.*)

Plaintiffs filed the above-captioned action on July 11, 2007. (*Id.*)

## III. ANALYSIS

Plaintiffs' only federal causes of action are brought under 42 U.S.C. § 1983. For purposes of § 1983, state statutes of limitation apply to determine the timeliness of the claims asserted. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). In Tennessee, the statute of limitations for § 1983 claims is one year. Tenn. Code Ann. § 28-3-104(a)(3); *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003). Federal law, however, determines when a § 1983 claim accrues. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

It is undisputed that none of the events cited in Plaintiffs' Complaint occurred within one year of when Plaintiffs filed their Complaint. At first glance, Plaintiffs' § 1983 causes of action appear untimely. Plaintiffs offer two arguments as to why these causes of action are nonetheless timely.

First, Plaintiffs argue that their §1983 causes of action did not accrue until after Plaintiff Klonowski was diagnosed with PTSD. However, when "greater than minimal harm was discernible at the time of the" alleged constitutional deprivation, the "time of event" rule applies, and Plaintiffs' § 1983 causes of action accrue at the time of the alleged deprivation. *Smith v. Swisher*, 886 F.2d 330, 1989 WL 111584, at 1 (6th

Cir. 1989) (citing *Hicks v. Hines Inc.,* 826 F.2d 1543, 1544 (6th Cir. 1987)). Even if "the plaintiff later discovers that his injuries are more serious than he originally thought, his cause of action nevertheless accrues on the earlier date, the date he realized he has sustained harm from the tortious act." *Hicks*, 826 F.2d at 1546.

Plaintiffs' Complaint makes clear that the PTSD was a harm he suffered in addition to those that immediately followed the alleged deprivations. (Compl. ¶ 21 (alleging that Defendants' actions caused "tremendous financial loss due to [construction] delays" as well as "serious and permanent personal injury . . . . *Additionally*, and unknown to the Plaintiff, Jason Klonowski, until he was diagnosed in June of 2007, Jason Klonowski is suffering from Post Traumatic Stress Disorder." (emphasis added).) Accordingly, the "time of event" rule applies to Plaintiff's claims, notwithstanding their allegations of PTSD

Second, Plaintiffs advance a "continuing violation" theory. They argue that because the Commission's edict requiring them to install siding on their log cabin remains in effect, their constitutional rights are continuously infringed, allowing timely filing to this day. The Court first notes that "[c]ourts have been extremely reluctant to apply this doctrine outside of the context of Title VII." *LRL Props. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 n.3 (6th Cir. 1995). To succeed on their continuing violation theory, Plaintiffs must establish through their Complaint a "longstanding and demonstrable policy of discrimination. Unrelated incidents of discrimination will not suffice to invoke this [theory]; rather there must be a continuing 'over-arching policy of discrimination." *Id.* at 1105-06 (internal quotations and citations omitted).

While Plaintiffs have alleged several instances of discrimination, nothing in their allegations suggests a longstanding, over-arching policy of discrimination by the Commission. *Cf. id.* (finding no allegations of a longstanding policy of discrimination); *Laney Brentwood Homes, LLC v. Town of Collierville*, 144 Fed. App'x 506, 511 (6th Cir. 2005) (same). Instead, Plaintiffs argue that because the Commission's edict hangs over their heads, it is a continual violation. Plaintiffs offer no support for their argument. Further, the Court can find nothing to suggest that continued disobedience to an allegedly unconstitutional command equates to a continuing violation. As such, Plaintiffs' continuing violation theory fails.

## IV. CONCLUSION

For the reasons set forth above, Defendants have shown that Plaintiffs' § 1983 causes of action, as pled in their Complaint, accrued more than one year before Plaintiffs filed their Complaint. As Plaintiffs' § 1983 causes of action are untimely, the Court **GRANTS** Defendant John Bobo's Motion for Judgment on the Pleadings [Court Doc. 19] and Defendants Jack Daniel's Distillery's and Brown Forman Corporation's Motion to Dismiss [Court Doc. 22]. Further, the Court will interpret the remaining Defendants' Answer as advancing the same statute of limitations argument under Rule 12(b)(6) [*see* Court Doc. 24, Answer ¶¶ 25, 33] and **GRANTS** the same.

Accordingly, Plaintiff's § 1983 causes of action are **DISMISSED WITH PREJUDICE**. To the extent that Plaintiffs' Complaint also asserts state law causes of action, the Court **DECLINES** to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), and **DISMISSES WITHOUT PREJUDICE** these claims.

SO ORDERED this 2nd day of June, 2008.

                                          */s/ Harry S. Mattice, Jr.*
                                          HARRY S. MATTICE, JR.
                                      UNITED STATES DISTRICT JUDGE